UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEETMETAL & ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | No. 2:19-cv-2154-TLN-EFB PS<br><br><br><br>ORDER |

Shortly after removing this action from the Solano County Superior Court, defendant filed an ex parte application to withdraw its notice of removal. ECF No. 4. That application explains that after removal to federal court, defendant learned that the state court had previously declared plaintiff a vexatious litigant subject to a prefiling order that requires him to seek leave from the presiding state court judge prior to commencing any civil action. *Id*. at 2; *see* Cal. Civ. Proc. Code § 391.7(a). Defendant's notice further states that this case should be remanded because plaintiff failed to seek leave prior to commencing it in state court. ECF No. 4 at 2.

Notwithstanding plaintiff's alleged failure to comply with state law and court orders, defendant may not simply withdraw its notice of removal. Upon the filing of the notice of removal in both federal and state court,[1] the state court was divested of jurisdiction. 28 U.S.C.

---

[1] The notice of removal states that defendant contemporaneously filed a notice of removal with the Solano County Superior Court. ECF No. 1 at 5.

1

§ 1446(d) (removing party shall promptly "file a copy of the notice [of removal] with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *see Maseda v. Honda Motor Co., Ltd.*, 861 F2d 1248, 1254 n.11 ("[T]he filing of a removal petition terminates the state court's jurisdiction until the case is remanded, even in a case improperly removed."); *Gastelum v. American Family Mut. Ins. Co.*, 2014 WL 7338931, at * 2 (D. Nev. Dec. 23, 2014) ("It is well established that, 'Removal divests the state court of jurisdiction.'") (quoting *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1245 (D. Nev. 2010)).

Consequently, the state court is without jurisdiction to conduct further proceedings in this case unless and until it is remanded. Defendant's ex parte notice to withdraw its notice of removal does not achieve that result. Instead, to seek remand defendant must file a motion in compliance with Federal Rules of Civil Procedure or the court's Local Rules that sets forth the legal basis for remanding the case back to the state court. *See* E.D. Cal. L.R. 230 and 28 U.S.C. § 1447. No such motion has been filed.

Accordingly, defendant's ex parte notice to withdraw its notice of removal will be disregarded and the case will remain before this court. Defendant is free to proceed in this court with a properly filed motion to remand, but any such motion must set forth the grounds and legal authority for remanding the action to the state court.

DATED: November 4, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2