1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    SHEETMETAL & ASSOCIATES,                   No.  2:19-cv-2154-TLN-EFB PS

11              Plaintiff,

12         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
13    FEDERAL EXPRESS CORPORATION,

14              Defendant.

15

16         This case is before the court on defendant's motion to dismiss the complaint for failure to

17    state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF No. 6) and

18    plaintiff's motion for leave to amend his complaint (ECF No. 14).[1]  Also pending is the court's

19    January 2, 2020 order directing plaintiff to show cause why sanctions should not be imposed for

20    failure to timely file an opposition or statement of non-opposition to defendant's motion.  ECF

21    No. 11.

22         For the following reasons, the order to show cause is discharged without the imposition of

23    sanctions, and it is recommended defendant's motion to dismiss be granted and plaintiff's motion

24    to amend be denied.[2]

---

25         [1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
26    28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

27         [2] Because the court determined that oral argument would not materially assist in
      resolution of defendant's motion, it was submitted without argument pursuant to Eastern District
28    of California Local Rule 230(g).  Plaintiff failed to notice his motion for hearing in violation of

                                                 1

1   I.      Order to Show Cause

2           Defendant's motion was previously noticed for hearing on January 8, 2020.  ECF Nos. 6

3   & 8.  In violation of Local Rule 230(c), plaintiff failed to timely file an opposition or statement of

4   non-opposition.  Accordingly, the hearing on the motion was continued, and plaintiff was ordered

5   to show cause why sanctions should not be imposed for his failure to timely respond to the

6   motion.  ECF. No. 11.  Plaintiff was also ordered to file an opposition or statement of non-

7   opposition to the pending motion.  *Id*.

8           In response, plaintiff filed an opposition to defendant's motion to dismiss.  ECF No. 12.

9   But he failed to show cause why sanctions should not be imposed.  Nevertheless, in light of

10  plaintiff's pro se status, and given that he has now filed an opposition, the order to show cause is

11  discharged without the imposition of sanctions.

12  II.     Defendant's Motion to Dismiss

13          A.      Background

14          Plaintiff Shannon Murphy commenced this action in the Solano County Superior Court,

15  alleging claims for breach of contract and negligence against defendant Federal Express

16  Corporation.  ECF No. 1-2.  The form complaint plaintiff filed contains few allegations, most of

17  which are nearly incomprehensible.  Plaintiff claims to be the owner of a business called

18  Sheetmetal & Associates, which is a sole proprietorship.  *Id*. at 5-6.  With respect to his breach of

19  contract claim, he alleges defendant's "agents breached contents of Fed Ex type mailing container

20  without due permission."  *Id*. at 6.  In support of his negligence claim, plaintiff alleges

21  defendant's conduct caused him physical injury and to have panic attacks.  *Id*.  The complaint

22  contains a few other allegations, but they are unintelligible.  *See, e.g. id*. (alleging defendant

23  "intentionally progressed discontinued attend fair claim communication(s) in order court case

24  plaintiff's agent Mr. Murphy . . . .).

25  /////

26  /////

27  ────────────────────

28  Local Rule 230(c).  Nevertheless, the court finds it appropriate to resolve the motion on the briefs
    and without oral argument.

                                                      2

1    Defendant removed this action to this court on the basis of diversity jurisdiction.  ECF No.

2  1.  It now moves to dismiss the complaint, arguing that plaintiff's allegations fail to state a claim

3  for relief.  ECF No. 6.

4         B.      Rule 12(b)(6)'s Standards

5         A complaint may be dismissed for "failure to state a claim upon which relief may be

6  granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

7  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

8  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

9  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

10  defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

11  (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

12  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

13  *Iqbal*, 556 U.S. at 678.

14         Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

15  theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co*., 710 F.3d

16  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

17  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

18         Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

19  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  However, the Court need not accept as

20  true unreasonable inferences or conclusory legal allegations cast in the form of factual

21  allegations.  *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining*

22  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

23         For purposes of dismissal under Rule 12(b)(6), the court generally considers only

24  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

25  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

26  most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710

27  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

28  /////

3

1      C.      Discussion

2            The complaint's limited allegations are insufficient to state a breach of contract claim.  To

3      state a claim for breach of contract under California law, plaintiff must allege (1) the existence of

4      a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages

5      flowing from the breach.  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

6      To establish the existence of a valid contract the plaintiff must allege: (1) parties capable of

7      contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration.  *United*

8      *States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal. Civ. Code

9      § 1550; *Marshall & Co. v. Weisel*, 242 Cal. App. 2d 191, 196 (1966)).

10           Plaintiff's allegations, although suggestive of a contract, do not include factual allegations

11     sufficient to establish the other elements of a breach of contract claim.  Likewise, his allegations

12     fail to establish the requisite elements of a negligence claim.  *See Berkley v. Dowds*, 152 Cal.

13     App. 4th 518, 526 (2007) ("The well-known elements of any negligence cause of action are duty,

14     breach of duty, proximate cause and damages.).

15           Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

16     III.    Plaintiff's Motion to Amend the Complaint

17           After defendant filed its motion to dismiss, plaintiff filed a motion to amend the complaint

18     (ECF No. 14) together with a proposed first amended complaint (ECF No. 15).

19           Because plaintiff filed his amended complaint more than 21 days after defendant moved to

20     dismiss under Rule 12(b)(6), he may only amend his complaint with defendant's consent or leave

21     of court.  Fed. R. Civ. P. 15(a).  Rule 15(a)(2) provides that "[t]he court should freely give leave

22     when justice so requires," and the Ninth Circuit has directed courts to apply this policy with

23     "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When

24     determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the

25     following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to

26     the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Granting or denying leave to

27     amend rests in the sound discretion of the trial court, and will be reversed only for abuse of

28     discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

1    The proposed first amended complaint, like the original complaint, is largely

2  unintelligible.  Plaintiff alleges that in May 2017, he received a "Fed Ex mailing container"

3  bearing the description "possible bomb."  ECF No. 15 at 3.  He also claims that one of

4  defendant's employees admitted to opening the container because it did not have a shipping label.

5  *Id*.  Plaintiff also describes, albeit poorly, discussions he had with defendant's legal department

6  regarding legal documents he mailed to defendant.  *Id*. at 2.  Plaintiff appears to claim that

7  communications with defendant's legal counsel compelled him to file a lawsuit.  *Id*. (alleging

8  counsel "compelled me to lawsuit filing vs. attend 'fair claim filing.").  The amended complaint

9  not only asserts a claim for breach of contract and negligence, it also purports to allege a claim for

10  fraud and claims styled as "Injury(s)/Damage(s)" and "Assault-Covert."  *Id*. at 2.

11    But plaintiff once again does not allege facts demonstrating the existence of a contract.

12  *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th at 1239.  Nor does his allegation

13  demonstrate that defendant owed him a duty of care.  *See Berkley v. Dowds*, 152 Cal. App. 4th at

14  526.  In the same vein, plaintiff does not allege facts reflecting defendant knowingly

15  misrepresented a fact and, consequently, he fails to state a claim for fraud.  *See Lazar v. Superior*

16  *Court*, 12 Cal. 4th 631, 638 (1996) (to state a claim for fraud under California law, a plaintiff

17  must allege the following elements: "(a) misrepresentation (false representation, concealment, or

18  nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

19  reliance; (d) justifiable reliance; and (e) resulting damage.").  Lastly, ""Injury(s)/Damage(s)" and

20  "Assault-Covert" are not recognized causes of action, and it cannot be discerned from plaintiff's

21  allegations what claim he is attempting to assert.  Because the proposed amended complaint fails

22  to state a claim, granting leave to file it as an amended complaint would be futile.  Nevertheless,

23  plaintiff should be granted another opportunity to submit an amended complaint which cures the

24  defects identified herein.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

25  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

26  their complaints).

27  /////

28  /////

IV.     Conclusion

Accordingly, it is hereby ORDERED that the January 2, 2020 order to show cause is discharged without the imposition of sanctions.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 6) be granted and plaintiff's claims be dismissed with leave to amend;

2. Plaintiff's motion for leave to file his earlier submitted proposed amended complaint (ECF Nos. 14 & 15) be denied; and

3. Plaintiff be granted 30 days from any order adopting these findings and recommendations to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 1, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6